**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY A. ROBERTSON,

                    Plaintiff,

          -against-

PFIZER RETIREMENT COMMITTEE and
FIDELITY EXECUTIVE SERVICES *d/b/a*
Fidelity Employer Services Company, LLC,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

20 Civ. 672 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Jeffrey A. Robertson brings this action against Pfizer Retirement Committee ("Pfizer") and Fidelity Executive Services, asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 404(a), 29 U.S.C. § 1104. (Compl., ECF No. 1, ¶ 1.) Plaintiff, a participant and beneficiary in the Pfizer Consolidated Pension Plan ("Pfizer Plan"), alleges that Defendants owed him a fiduciary duty to inform him about the tax consequences of his retirement elections. Specifically, Plaintiff contends that Defendants breached their fiduciary duty under ERISA by failing to inform him that "there were IRS caps or limits that would require" a significant portion of his retirement payment to be paid as a "taxable lump sum payment." (*Id.* ¶¶ 42, 54, 63.) Fidelity Workplace Services LLC[1] moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that the provision of benefit estimates is a "purely ministerial function" that cannot "confer fiduciary

---

[1] Fidelity Workplace Services LLC contends that the complaint incorrectly names Fidelity Executive Services *d/b/a* Fidelity Employer Services Company, LLC. (Mem. of Law in Support of Def. Fidelity Workplace Services LLC's Mot. to Dismiss ("Def.'s Mot."), ECF No. 48, at 1.) Fidelity Workplace Services LLC is hereinafter referenced as "Defendant" or "Fidelity."

status." (Def. Fidelity's Mot. to Dismiss, ECF No. 48, at 4.) Defendant Fidelity's motion to dismiss is GRANTED.

The facts, as alleged in the complaint, fail to support a finding that Fidelity is an ERISA fiduciary. An entity "is a fiduciary with respect to a plan to the extent [it] exercises any discretionary authority or discretionary control respecting management of [the] plan or exercises any authority or control respecting management or disposition of its assets," or it "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Plaintiff alleges that Fidelity is an ERISA fiduciary because: (i) it contracted with Pfizer to provide "retirement information and services to Pfizer employees," (ii) sent a letter to Plaintiff stating that Fidelity is responsible for providing guidance and the support needed to "maximize the value" of pension benefits, and (iii) had direct contact with Plaintiff.[2] (*See, e.g.*, Compl. ¶¶ 15, 29, 31–32; *id.* at 17.) None of these allegations indicate that Fidelity exercised or had any authority or control, discretionary or otherwise, over plan management or administration.

*Varity* and *Blatt*, cases on which Plaintiff relies, do not lead to a different conclusion in this case. In *Varity*, a plan administrator with actual authority over plan management performed a fiduciary function by communicating with beneficiaries regarding the future security of plan benefits. *Varity Corp. v. Howe*, 516 U.S. 489, 503–05 (1996). In *Blatt*, an employer performed a fiduciary function; "exercis[ing] actual control" over "plan assets" by ignoring repeated requests

---

[2] At oral argument, Plaintiff conceded that his claim against Fidelity for breach of fiduciary duty is not based on Fidelity's provision of pension benefit estimations or calculations. Even so, the calculation or estimation of benefits is ministerial and does not give rise to ERISA fiduciary status. *See Geller v. Cty. Line Auto Sales, Inc.*, 86 F.3d 18, 21 (2d Cir. 1996) ("[T]he performance of ministerial functions includes, *inter alia*, the determination of eligibility for participation or benefits, the maintenance of service and employment records, the calculation of benefits, and the processing of claims.") (citing 29 C.F.R. § 2509.75–8).)

to execute forms needed by the plan administrator in order to return retirement contributions to a former employee. *Blatt v. Marshall and Lassman*, 812 F.2d 810, 813 (2d Cir. 1987). In the present case, Fidelity is neither a fiduciary with actual authority over management of the Pfizer Plan nor did it perform a fiduciary function. The crux of Plaintiff's claim is Fidelity's alleged *failure* to provide tax advice.[3] Plaintiff, however, does not assert facts giving rise to a reasonable inference that Fidelity, a non-fiduciary, had such a duty with regard to tax advice. Accordingly, Plaintiff's complaint does not state a claim for breach of fiduciary duty against Fidelity.

## I. CONCLUSION

Defendant Fidelity's motion to dismiss, (ECF No. 47), is GRANTED. The Clerk of Court is directed to terminate the motion accordingly.

Plaintiff may seek leave to amend the complaint by letter application, attaching a proposed amended complaint on or before July 30, 2021 if amendment would not be futile.

Dated: New York, New York
July 20, 2021

SO ORDERED.

*Geonge B. Daniel*

GEORGE B. DANIELS
United States District Judge

---

[3] Plaintiff also conceded at oral argument that he did not have any discussions with Fidelity regarding tax advice or information regarding a tax qualified account.

3